UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN CORNELIUS SMITH,          :

    Plaintiff                    :   CIV. ACTION NO. 3:24-CV-1941

v.                               :        (JUDGE MANNION)

RYAN STAPLES,                    :

    Defendant                    :

## MEMORANDUM

Presently before the court in this prisoner civil rights case is defendant's motions for summary judgment for plaintiff's failure to exhaust administrative remedies. The motion will be granted.

### I. Procedural History

Plaintiff, Justin Cornelius Smith, filed this complaint in the United States District Court for the Eastern District of Pennsylvania, on October 15, 2024, alleging that defendants employed at Dallas State Correctional Institution ("SCI-Dallas") denied him needed mental health treatment from April 2024 to July 2024. (Doc. 2). The case was transferred to this district on November 8, 2024. (Doc. 4). On January 3, 2025, the court dismissed all defendants other than Ryan Staples for failure to state a claim, but directed the Clerk of Court to serve Staples with process. (Doc. 11).

On April 3, 2025, Staples moved to dismiss the complaint for failure to exhaust administrative remedies. (Doc. 18). On December 18, 2025, the court converted the motion into a motion for summary judgment because the issue of administrative exhaustion required review of matters outside the pleadings. (Doc. 22). The court directed Staples to file a statement of material facts pursuant to Local Rule 56.1 within fourteen days, and directed Smith to respond to the statement within twenty-one days of receiving it. (*Id.*) Staples timely filed his statement of material facts on December 30, 2025. (Doc. 23). Smith has not responded, and the deadline to do so has expired. The motion is accordingly ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 254 (1986); *Aetna Cas. & Sur. Co. v.*

*Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge that burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving

party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

III. **MATERIAL FACTS**[1]

A. **Grievance Policy**

Exhaustion of administrative remedies in the DOC is governed by the three-step process outlined in the DOC's grievance policy, DC-ADM 804. (*See* DC-ADM 804, Doc. 23-2). Under DC-ADM 804, a prisoner must first

---

[1] Local Rule 56.1 requires a motion for summary judgment to "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" and requires that the party opposing a motion for summary judgment file a statement responding to the numbered paragraphs in the movant's statement of material facts, which "shall include references to the parts of the record" that support the nonmovant's opposition to the motion. M.D. Pa. L.R. 56.1. If a non-moving party fails to respond as required by Local Rule 56.1, the facts asserted in the moving party's statement are "deemed to be admitted." *Id.* In this case, after the court converted the motion to dismiss into a motion for summary judgment, Staples timely filed a statement of material facts as required by Local Rule 56.1., (Doc. 23), but Smith has not responded to the statement. The facts included in Staples's statement are accordingly deemed admitted for the purpose of resolving the motion for summary judgment. M.D. Pa. L.R. 56.1. The court cites directly to Staples's statement as to any facts included in the statement.

4

submit a grievance within fifteen working days from the date of the incident. *Id.* §1(A)(8). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make." *Id.* §1(A)(11). If the inmate is unable to comply with the fifteen-day deadline, he may request an extension of time to file a grievance. *Id.* §1(C)(2). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen working days. *Id.* §2(A)(1)(a). Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days. *Id.* §2(B)(1)(b).

### B. Plaintiff's Grievances

Smith's claims assert generally that he was denied mental health care from April 2024 to July 2024. (*See* Doc. 2). Staples has provided evidence that Smith filed approximately thirty grievances between April 2024 and the beginning of January 2025, but did not appeal any of those grievances through final review by SOIGA. (Doc. 23 ¶¶7-9; Doc. 23-1).

### IV. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court.

42 U.S.C. §1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available." *Rinaldi v. United States*, 904 F.3d 257, 268 (2018) (citing *Woodford*, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 266-67 (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). If defendants establish failure to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative remedy process was unavailable. *Id.* at 268.

Staples argues that Smith failed to exhaust administrative remedies because he did not appeal any grievances through final review by SOIGA during the relevant period. (Doc. 21). Staples has provided evidence to support this fact, and Smith has not provided any argument or evidence to refute it. The burden accordingly shifts to Smith to show that the grievance process was unavailable to him. *Rinaldi*, 904 F.3d at 268. Smith has clearly failed to meet that burden because he has not responded to Staples's motion in any manner. Thus, the court will grant the motion for summary judgment based on Smith's failure to exhaust administrative remedies.

V. CONCLUSION

For the foregoing reasons, the court will grant defendant's motion for summary judgment and close this case. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 2/3/26
24-1941-01